IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 7 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00708-BNB

VERNON GALLOWAY,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,
COLORADO SPRINGS POLICE DEPT.,
PUBLIC DEFENDER OFFICE, and
BARKER AND TOLINI LAW FIRM,

    Defendants.

## ORDER FOR AMENDED COMPLAINT

Plaintiff Vernon Galloway currently is held at the Colorado Mental Health Institute at Pueblo (CMHIP) in Pueblo, Colorado. Mr. Galloway was granted leave to proceed *in forma pauperis* pursuant to § 1915 without payment of an initial partial filing fee. On July 23, 2007, however, Mr. Galloway paid the $350.00 filing fee in full.

The Court must construe the Complaint liberally because Mr. Galloway is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not be act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Galloway will be ordered to file an Amended Complaint.

The Court has reviewed Mr. Galloway's Complaint and finds that the Complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Furthermore, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Galloway's Complaint fails to comply with Rule 8 because it fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Instead, the Complaint is vague and unintelligible. The Complaint appears to contain allegations concerning Mr. Galloway's pending state criminal case regarding malpractice and delay of trial. However, the Court is unable to determine what constitutional violations Plaintiff is attempting to assert. Mr. Galloway also has

filed with the Court several additional pleadings. Nonetheless, the pleadings are also vague and unintelligible.

Mr. Galloway must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Galloway must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff's Complaint also suffers from other deficiencies. Mr. Galloway may not sue the Colorado Springs Police Department. The police department is not a separate entity from the City of Colorado Springs and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the police department must be considered as asserted against the City of Colorado Springs.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood*,

***Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Mr. Galloway cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See **Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). Even though the Complaint does not meet the requirements of Fed. R. Civ. P. 8, the Court finds that Mr. Galloway should be given an opportunity to file an Amended Complaint. He will be directed to do so below.

Finally, the Court notes that the relief Mr. Galloway seeks is not available in a § 1983 action. To the extent Mr. Galloway is challenging the pending proceedings in his state criminal case and seeks proper legal representation, visits, talks, and scheduled dates, his claims more properly are addressed in his state criminal case. Accordingly, it is

ORDERED that Mr. Galloway file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order and includes all claims he intends to assert in the instant action. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Galloway, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint.  It is

FURTHER ORDERED that Mr. Galloway submit sufficient copies of the Amended Complaint to serve each named defendant.  It is

FURTHER ORDERED that if Mr. Galloway fails to file an original and sufficient copies of an Amended Complaint that complies with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 26th day of July, 2007.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00708-BNB

Vernon Galloway
#A00196165
CMHIP - HS11
1600 W. 24TH St.
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___7/27/07___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk